UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

FERNANDO GARCIA,

Petitioner,

v.

NATHAN GAUGHAN,

Respondent.

Case No. 5:26-cv-04384-KK-DTB

**ORDER TO SHOW CAUSE REGARDING DISMISSAL**

**I.**

**PROCEEDINGS**

On August 3, 2026, petitioner Fernando Garcia ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). (Docket No. 1). On August 14, 2026, Petitioner paid his filing fee. (Docket No. 4).

In the Petition, Petitioner contends that he was sentenced on October 27, 2023, to 90 years-to-life in Riverside County Superior Court Case No. RIF2002383. (Petition at 1).[1] Thereafter, Petitioner appealed his judgment and conviction, and

[1] For the pleadings, the Court cites to the CM/ECF pagination at the top of each page.

the California Supreme Court, denied the same on January 14, 2026. (Petition at 3, 6, 14). However, while it appears Petitioner has exhausted his claims on direct appeal, the Petition does not include any facts, claims or grounds for relief. (See id. at 7-10). Accordingly, as set forth herein, it is subject to dismissal.

## II.

## LEGAL AUTHORITY

A federal court is required to screen all habeas petitions upon filing and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule" or "Habeas Rules").

The Court has thus screened the Petition, pursuant to Habeas Rule 4, and has determined that it is subject to dismissal for the reasons set forth herein.

## III.

## PETITIONER'S CLAIMS

As noted, the Petition contains no claims or grounds for habeas relief, nor does it contain any facts, other than appearing to identify the court of conviction (Riverside County Superior Court) and the length of Petitioner's sentence. (Petition at 1). The Petition also includes a letter from appellate counsel advising Petitioner that the California Supreme Court has denied his Petition for Review. (Petition at 14-16).

In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In contrast, Rule 2(c) of the Rules requires a petitioner to "specify all the grounds for relief available to [him]," "state the facts supporting each ground," and state the relief requested. Habeas Rules 2(c)i-iii; see also Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th

Cir.1990) (habeas petitioner must state his claims with sufficient specificity). One of the primary reasons for Rule 2(c)'s requirement of particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. Mayle v. Felix, 545 U.S. 644, 655–56, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

Here, because Petitioner has failed to set forth the underlying factual basis, grounds for relief, and/or habeas relief requested, all in contravention of Habeas Rule 2(c), the Court cannot fairly evaluate the Petition pursuant to Habeas Rule 4 for purposes of determining whether or not Petitioner is entitled to habeas relief.

Accordingly, the Court orders Petitioner to show cause as to why the Petition should be not dismissed pursuant to Habeas Rule 4. Petitioner may discharge this order to show cause by filing an amended petition which corrects the deficiencies cited above and states his grounds for relief, along with supporting facts, with more clarity.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court finds that it appears from the face of the Petition that Petitioner is not entitled to habeas relief.

1. Petitioner is ORDERED TO SHOW CAUSE, within **thirty (30) days**, in writing, as to why the Petition should not be dismissed. Petitioner may file an amended petition on the enclosed habeas form to discharge this order to show cause. Should Petitioner elect to file an amended petition, it must include the caption and civil case number used in this order (5:26-cv-04384-KK-DTB) and the words "FIRST AMENDED PETITION" on the first page. The amended petition will supersede any prior filings, and Petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition. See Ferdik v.

Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). The amended petition shall be on the Court's form for habeas petitions, **a copy of which is enclosed with Petitioner's copy of this order.**

2. Petitioner shall take care to write clearly and legibly, so that the court can read what he writes and must clearly state the grounds for habeas relief challenging either underlying state court criminal conviction or the legality of his confinement. He must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California. ***If Petitioner fails to file an amended petition in conformity with this Order, this action will be dismissed without prejudice.***
3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to prosecute, and/or for failure to obey Court orders.**

Dated: August 27, 2026

DAVID T. BRISTOW
United States Magistrate Judge